**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GERTHEL Y. WOLFE,
          Appellant,

      v.

DEPARTMENT OF LABOR,
          Agency.

DOCKET NUMBER
DC-0752-13-0456-I-1

DATE: January 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Allison B. Eddy, Esquire, Virginia Beach, Virginia, for the appellant.

Karen Modesta Barefield, Arlington, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which affirmed the agency's decision to remove her from federal service. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant raises a single issue on review:  whether the agency denied her due process when the deciding official relied on information not contained in the notice of proposed removal in determining that removal was the appropriate penalty.[2]  Petition for Review (PFR) File, Tab 1 at 4.  When an agency intends to rely on aggravating factors as the basis for the imposition of a penalty, such factors should be included in the advance notice of adverse action so that the employee will have a fair opportunity to respond.  *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 5 (2011).  If an employee has not been given notice of any aggravating factors supporting an enhanced penalty, an ex parte communication with the deciding official regarding such factors may constitute a constitutional due process violation because it potentially deprives the employee

---

[2] The appellant does not challenge, and we discern no reason to disturb, the administrative judge's finding that the agency met its burden of proof regarding the charge of unacceptable conduct, specifically, engaging in a physical altercation with a coworker in their shared office space on October 16, 2012.  Initial Appeal File (IAF), Tab 26, Initial Decision (ID) at 1-2.

of notice of all the evidence being used against her and the opportunity to respond to it. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011).

¶3      However, not every ex parte communication rises to the level of a due process violation; only ex parte communications that introduce new and material information to the deciding official constitute due process violations. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). The question is whether the ex parte communication is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Ward*, 634 F.3d at 1279. The Board will consider the following factors, among others, to determine if an ex parte contact is constitutionally impermissible, whether: (1) the ex parte communication merely introduces cumulative information or new information; (2) the employee knew of the information and had a chance to respond to it; and (3) the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Bennett v. Department of Justice*, 119 M.S.P.R. 685, ¶ 8 (2013) (quoting *Stone*, 179 F.3d at 1377).

¶4      The appellant argues that the deciding official relied on the proposal notice's descriptions of her as aggressive, demonstrating a poor attitude, projecting disrespect and hostility, and creating tensions, which were based in large part on an incident that occurred on August 28, 2012,[3] without giving her notice of the facts underlying those descriptions, which deprived her of a meaningful opportunity to respond. PFR File, Tab 1 at 12-17. The appellant relies on *Ward*, *Lopes*, and an administrative judge's initial decision in *North v. Department of Homeland Security*, MSPB Docket No. DC-0752-12-0771-I-1,

---

[3] On August 28, 2012, the appellant and her coworker had a verbal confrontation over a phone call. IAF, Tab 19 at 67-68, 135 of 198.

Initial Decision (Dec. 19, 2012) (IAF, Tab 20 at 57-63),[4] to support her claim that she was denied due process. These cases are inapposite because the deciding officials in each admitted to relying on information that was not contained in the proposal notice. Here, the descriptions of the appellant as aggressive, demonstrating a poor attitude, projecting disrespect and hostility, and creating tensions are expressly in the proposal notice, and the deciding official has not admitted to relying on any information that is not also contained in the notice of proposed removal. IAF, Tab 5 at 35.

¶5        In *Ward*, the deciding official testified to having conversations with three supervisors and a manager who disclosed prior incidents of misconduct by the appellant that were not mentioned in the proposal notice but affected his analysis of two *Douglas* factors. *Ward*, 634 F.3d at 1276; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981). In *Lopes*, the deciding official testified to relying on a prior suspension and allegations of other past misconduct not referenced in the proposal notice in determining the appropriate penalty. *Lopes*, 116 M.S.P.R. 470, ¶ 9. *North* has no precedential effect, but we note it is also distinguishable. In *North*, the deciding official testified to relying on the appellant's past counseling record, and the deciding official's personal knowledge of the appellant's past uncharged misconduct, as aggravating factors. IAF, Tab 20 at 58-61.

¶6        Unlike *Ward*, *Lopes*, and *North*, the deciding official in this appeal did not admit to considering information that was not included in the notice of proposed removal. The deciding official testified at his deposition that he was made aware of the appellant's creating tensions in the workplace from reading the proposal notice. IAF, Tab 19 at 15 of 72. When asked if he had any conversation with the proposing official about the tensions in the office, he testified that he had not. *Id.*

---

[4]An initial decision issued by a Board administrative judge has no precedential effect. 5 C.F.R. § 1201.113; *see, e.g.*, *Horton v. Department of the Navy*, 105 M.S.P.R. 332, ¶ 8 n.2 (2007).

He also testified that he did not know any specifics regarding the "tensions" and did not have any ex parte discussions with the proposing official concerning any specifics. *Id.* at 16-17.

¶7     We do not agree with the appellant that the "only incident" that would "connote any form of 'aggressive' or 'hostile' behavior or any behavior that would in any way create 'tension'" was the August 28, 2012 incident or that these descriptions must have been "gleaned in large part" from the August 28, 2012 incident. PFR File, Tab 1 at 6, 14. On the contrary, the *Douglas* factor worksheet attached to the proposal notice states that the proposing official was told that the appellant "verbally harassed" an Internal Revenue Service employee one morning when the two entered the building and continued to "verbally harass" this individual while they rode together in the elevator. IAF, Tab 5 at 42. The proposing official's *Douglas* factor worksheet also describes an incident where the appellant worked in a coworker's office to avoid working in her own office as having created "so much tension here, that it can be cut with a knife." *Id.* at 43. Therefore, we do not agree that the descriptions of the appellant as aggressive and creating tensions in the workplace must have come from the incident on August 28, 2012.

¶8     We also do not agree with the appellant that the proposing official "affirmed" during his deposition testimony that he had an ex parte conversation with the deciding official during which he conveyed new and material information. PFR File, Tab 1 at 9. The proposing official testified that he had "[v]ery brief conversations" with the deciding official "to keep him apprised" of his investigation into the underlying misconduct and to tell him what he was considering as a proposed penalty. IAF, Tab 19 at 189-90 of 198. At no point during their depositions do the proposing and deciding officials admit to having an ex parte conversation that conveyed information that was not also contained in the notice of proposed removal. A deciding official's knowledge about a pre-removal investigation does not violate an appellant's due process rights in the

absence of evidence that the deciding official relied on information gained from that investigation but not disclosed to the appellant. *See, e.g.*, *Lange v. Department of Justice*, 119 M.S.P.R. 625, ¶¶ 11-12 (2013).

¶9        The appellant also claims that deciding official's decision letter references an ex parte communication. PFR File, Tab 1 at 11, 17. Specifically, she argues that, because the decision letter states that personnel expressed concerns about her returning to the office, which was not explicitly stated in the proposal notice, the deciding official must have learned about those concerns through an ex parte communication. *Id.* at 17-19. We do not agree. We have thoroughly reviewed the decision letter and find no reference to an ex parte communication contained therein. Although we agree with the appellant that the decision includes a statement from the deciding official that personnel have expressed concerns about her returning to the office, IAF, Tab 5 at 4, we do not agree that this is "new information" or that the deciding official could only learn about this information through an ex parte communication.

¶10       The deciding official was asked during his deposition which employees expressed concern about the appellant's returning to the office, and he testified that it was the proposing official and the manager who had been acting on the proposing official's behalf when the misconduct took place.[5] IAF, Tab 19 at 41-42 of 72. The deciding official testified that he learned about their concerns

---

[5] The appellant interprets the administrative judge's initial decision as "discounting" the deposition testimony of the proposing and deciding officials and "scolding" the appellant for withdrawing her hearing request. PFR File, Tab 1 at 12-13. An appellant before the Board has the right to withdraw her request for a hearing. *Graves v. U.S. Postal Service*, 106 M.S.P.R. 224, ¶ 4 (2007). Even if the administrative judge erred by discounting the deposition testimony because it was not subject to examination at a hearing, this error would not have prejudiced the appellant because the deposition testimony does not support the appellant's allegation that there were ex parte communications between the proposing and deciding officials or her contention that the notice of proposed removal lacked sufficient specificity. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

by "reading the information that was in the proposal." *Id.* While the deciding official also testified that he may have had a conversation with the proposing official, he testified that he could not specifically recall having that conversation. *Id.* When asked if the proposing official told him about anyone in particular expressing concerns, the deciding official testified that it was the proposing official's concerns that he factored into the decision. *Id.*

¶11    As noted in the initial decision, the notice of proposed removal contains multiple references to the proposing official's concerns about the appellant's returning to the office. ID at 4-5. Accordingly, the administrative judge properly found that the notice of proposed removal provided the appellant with notice that the proposing official was concerned about her returning to the office. ID at 8. Because the deciding official testified that it was the proposing official's concerns that he factored into the decision, and he learned about those concerns from reading the proposal notice, even if an ex parte communication between the proposing and deciding officials occurred, the information would have been cumulative and would not have violated the appellant's right to due process. Accordingly, the administrative judge properly found that the notice of proposed removal provided the appellant with the requisite notice of the concerns personnel had about her returning to the office. ID at 5-6.

¶12    The appellant relies on the Board's decision in *Mason v. Department of the Navy*, 70 M.S.P.R. 584 (1996), to support her argument that the deciding official relied on the proposing official's description of her causing "tensions" as part of his penalty determination, which was so lacking in specificity she could not provide a meaningful response and resulted in a due process violation. PFR File, Tab 1 at 16. Due process mandates that a proposal notice be sufficiently detailed to provide a meaningful opportunity to respond. *Lamour v. Department of Justice*, 106 M.S.P.R. 366, ¶ 9 (2007). But an agency is not required to provide notice of all circumstances that could conceivably be relevant to the penalty. *Douglas*, 5 M.S.P.R. at 304 n.65. In *Mason*, the notice of proposed adverse

action identified the type of misconduct charged but did not give any details as to when or where the misconduct occurred. *Mason*, 70 M.S.P.R. at 587. The appellant in *Mason* tried to obtain more specific information regarding the charged misconduct through discovery but was told by the agency that it had no such information. *Id.* Then at the hearing the agency's witnesses surprised the appellant by testifying about the same information he had been denied during the discovery process. *Id.* Unlike the proposal notice in *Mason*, the appellant was given detailed information regarding the charged misconduct and the aggravating *Douglas* factors. The proposal notice provided sufficient details regarding both the charges and the aggravating *Douglas* factors to provide the appellant with a meaningful opportunity to respond. After considering all of the arguments raised by the appellant, we conclude that she was not denied due process by the agency.

¶13      We also have considered whether the agency committed harmful procedural error. *See Ward*, 634 F.3d at 1281. Harmful error is defined as "[e]rror by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." 5 C.F.R. § 1201.56(c)(3). For the reasons stated above, the notice of proposed removal met the requirements of 5 C.F.R. § 752.404(b). Accordingly, we find that the appellant has not shown that the agency committed a procedural error. Further, even assuming that the agency made errors as the appellant has alleged, we find no evidence that the deciding official would have reached a different conclusion absent those alleged errors, and thus we find that the agency did not commit harmful error.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.